# FRANKLIN COUNTY ROAD DEPARTMENT and AETNA INSURANCE CO. *v.* Clifford NORDIN

CA 80-24                    603 S.W. 2d 477

Court of Appeals of Arkansas

Opinion delivered September 10, 1980

*Tatum & Sullivan, P.A.*, for appellants.

No brief for appellee.

MARIAN F. PENIX, Judge. The Claimant-appellee suffered a compensable injury to his left eye which arose out of and in the course of his employment with the Respondent-appellant. The Claimant was initially injured May 8, 1972 while operating a motor patrol for the Respondent. As a result of this injury, the Claimant's left eye was operated on and treated. Respondent paid for total loss of the left eye — this payment being completed in June 1975. The Respondents continued to pay medical expenses up to February 2, 1976. On August 26, 1976, the Claimant was operating a road grader for the Respondent, Franklin County Road Department. He pulled into a ditch whereupon a limb shattered the windshield glass which shattered all over Claimant's face and injured his right eye. The Claimant went to Dr. Joe H. Lyford for treatment of his right eye. Dr. Lyford also examined his left eye. On September 13, 1976, the Claimant had another accident on his grader at which time the mirror broke causing glass to enter the left eye ball. Dr. Lyford removed the glass and administered antibiotic drops to the left eye. On February 25, 1977 the Claimant returned

to Dr. Lyford for an examination. At this visit, there was no treatment administered. On June 17, 1977, the Claimant visited Dr. Lyford at which time a loose suture was removed from the left eye. The Respondent-Carrier has refused to pay the medical expenses incurred since February 2, 1976.

The Workers' Compensation Commission ordered the Respondent-Carrier to pay all the medical bills except those relating exclusively to treatment of the left eye.

The Respondent contends the medical expenses since February 2, 1976 are not related to the original injury and are barred by the Statute of Limitations.

The Claimant testified the Carrier's claims agent, Lon Flory, told him Aetna would take care of all medical expenses in the future if he needed it on his left eye. Mr. Flory's letter of June 29, 1973 states: "We will continue to honor all medical expenses incurred as a result of this accident."

In a June 20, 1977 letter to Claimant from Aetna, the Carrier disclaimed any further liability for medicals:

This is to advise the Statute of Limitations has run on your claim of May 8, 1972. We are returning the attached bills from Arkansas Valley Eye Clinic and Newton's Pharmacy, since we are no longer responsible for the medical expense on this claim.

Upon receipt of this letter, a claim was immediately filed for the additional medical expenses.

Dr. Richard K. Lovell's letter of December 29, 1978 stated:

Mr. Clifford Nordin sustained an injury to the left eye in 1972, when a limb struck him while he was at work. He subsequently developed a fungal ulcer of the left cornea with descemetocele and had surgical intervention with conjunctival flap at the University Medical Center, Little Rock, Arkansas. The cornea perforated as did the conjunctival flap and surgery had to be repeated with

another flap. The cornea has continued to leak aqueous fluid and he has continued to have a rather large conjunctival bleb which is thin. This bleb has leaked aqueous on two occasions but responded to conservative treatment. I believe the bleb could rupture at any time and I feel there is not enough conjunctiva left for another flap and that would require a corneal or scleral graft.

I also feel that Mr. Nordin should be examined periodically from now on and he should wear a safety glass to protect his other eye.

From the record we find the Respondents were aware the Claimant would require continued medical services by Dr. Lovell and his clinic in the form of regular check-ups and Respondents acknowledged their liability for such continued care. The Respondents had no reason to believe such continued check-ups and treatment would not continue in the manner which had been continuing for approximately four years and they took no action to inform the Claimant of their disclaimer until their letter of June 20, 1977. The bills in question were sent to Aetna and the Claimant was not aware they were not being paid until June 20, 1977. There is substantial evidence to support the finding that the Respondents furnished the Claimant with medical benefits so as to toll the statute of limitations on August 26, 1976, February 25, 1977 and June 17, 1977.

Our role is to affirm the decision of the Commission and in this case the Circuit Court, if the record reflects there was substantial evidence on which the Commission could reach its decision. In the case at hand, we find substantial evidence. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979).

Affirmed.